## In re SOMERS

1. Appeal and Error—Courts—Supreme Court—De Novo Review —Judicial Tenure Commission.
   The Michigan Supreme Court reviews the record *de novo* in considering a recommendation by the Judicial Tenure Commission for an order of censure against a judge (GCR 1963, 932).

2. Judges—Courts—Intoxicating Liquors.
   A district judge, who went on the Bench under the influence of alcohol, showed at best very poor judgment.

3. Courts — Judges — Intoxicating Liquors — Judicial Tenure Commission.
   Neither the Judicial Tenure Commission nor the Michigan Supreme Court can condone trial judges appearing in court after having consumed alcoholic beverages because the public has a right to expect their judges to act in a more circumspect manner and one who assumes such a position must not only be, but must appear to be, above reproach.

---

References for Points in Headnotes

[1–5] 46 Am Jur 2d, Judges § 50 *et seq.*

4. CRIMINAL LAW—DRUNK DRIVING—REDUCTION OF CHARGE—DISTRICT JUDGE—MISCONDUCT.

    Failure of a district judge to obtain approval of the police department before reducing drunk driving charges against a defendant is not misconduct.

5. JUDGES—ORDER OF CENSURE—JUDICIAL TENURE COMMISSION—MAGISTRATE.

    Order of censure, as recommended by a majority of the Judicial Tenure Commission, should issue where the proceedings in a district judge's courtroom gave the appearance of impropriety in the administration of justice by his being under the influence of alcohol on the Bench on one or more occasions and his allowing a magistrate to take a major role in arraigning criminal defendants.

Review by the Supreme Court of a recommendation of an order of censure by the Judicial Tenure Commission. Submitted August 31, 1970. (No. 16 June Term 1970, Docket No. 52,938.) Decided January 8, 1971.

The Judicial Tenure Commission recommended an order of censure against District Judge Ernest J. Somers. On consideration by the Supreme Court, order of censure to be issued.

PER CURIAM. Under GCR 1963, 932, the Judicial Tenure Commission (Michigan Const 1963, art 6, § 30) filed a complaint on September 23, 1969, charging District Court Judge Ernest J. Somers with:

1) having been habitually intemperate by appearing in court under the influence of alcohol;

2) permitting his magistrate to arraign defendants in criminal cases beyond the legal authority of the magistrate;

3) requesting the advice of his magistrate in open court as to matters before the judge in a manner indicating that the decision was the magistrate's;

4) frequently reducing "drunk driving" charges to "impaired driving" in the face of clear evidence supporting the charge as made;

5) having been "persistently incompetent and neglectful in the performance of [his] judicial duties."

Pursuant to GCR 1963, 932, the Honorable Fred J. Borchard, Saginaw County Circuit Judge, was appointed Master.

At the conclusion of a hearing the Master found that the "habitually intemperate" charge had not been established, but that Judge Somers had not used good judgment in appearing in court with the odor of alcohol on his breath, in permitting his magistrate to perform certain judicial functions on occasion, and in reducing the "drunk driving" charges on his own motion. The Master concluded that the complaint was unwarranted, that there was no "misconduct" proven, and that "the matter should have been disposed of after preliminary investigation, with private censure in accordance with GCR 1963, 932.7(c)."

After having considered the Examiner's objections, the respondent's answer, the briefs and oral argument, the Tenure Commission found the following facts:

1) On several occasions in April and May of 1969 Judge Somers went on the Bench under the influence of intoxicants;

2) Until charges were brought against him, Judge Somers had allowed his magistrate "to act contrary to his statutory authority"; and

3) On many occasions Judge Somers reduced drunk driving charges "without the approval of the police department or the prosecuting attorney, and without notice to them."

The Commission concluded that the proofs warranted a finding of misconduct in office. Because, as the Commission's majority said, the misconduct spanned at most a period of only two months, the majority recommended an Order of Censure under GCR 1963, 932.21 and 932.25. Two dissenting members of the Commission thought a stiffer penalty was warranted, one recommending removal from office, the other recommending suspension without pay for 30 days.

We review the record *de novo* in this type of action. Our conclusions as fact-finders upon review of the transcript are as follows:

1) Judge Somers was under the influence of alcohol on one or more of the occasions charged. In that regard he showed at best very poor judgment.

We note an increase in the number of complaints filed with respect to trial judges appearing in court after having consumed "liquid refreshments." Neither the Judicial Tenure Commission nor this Court can condone such practices. The public has a right to expect their judges to act in a more circumspect manner. One who assumes such a position must not only be, but like Caesar's wife must appear to be, above reproach.

2) Until he became acclimated to the District Court Bench, Judge Somers often allowed his magistrate, a former justice of the peace, to take a major role in arraigning criminal defendants.

3) We find no clear evidence of misconduct in reducing the "drunk driving" charges. It was generally done with the knowledge of the prosecutor, if not at his request. We are disturbed that anyone would think the "approval of the police department" should have been obtained.*

---

\* The testimony indicates such had been the procedure formerly in local Justice Courts.

It appears that the actions complained of took place for a period of two months in the spring of 1969. It is to be noted that the record does not disclose any additional complaints after that time. However, since during the period of the complaints the proceedings in Judge Somers' courtroom gave the appearance of impropriety in the administration of justice, we hold that a proper response should be an Order of Censure as recommended by the majority of the Judicial Tenure Commission. Order of Censure shall issue.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN and T. G. KAVANAGH, JJ., concurred.

SWAINSON and WILLIAMS, JJ. did not sit in this case.